20811. GEORGE MUSE CLOTHING COMPANY *v.* LEE.

DECIDED DECEMBER 18, 1930.

*Houston White, John J. Poole,* for plaintiff in error.
*Savage & Crawford,* contra.

LUKE, J. Mrs. William H. Lee brought suit against George Muse Clothing Company, claiming $5,000 as actual and punitive damages. The petition alleges that the plaintiff "suffered materially" from fright induced by certain acts of one John J. Poole, a bailiff of a justice's court, and Walter W. Aycock, an attorney at law and associate of Houston White, the attorney for the defendant corporation, acting as agents of the corporation. The essential facts alleged are that the bailiff and the associate attorney presented themselves at the "petitioner's residence" and demanded of the petitioner the payment of a "fi. fa. which they held in favor of the George.Muse Clothing Company, and which was against her husband, William H. Lee;" that, despite her explanation "that she did not have the money to pay the said fi. fa. and that it was not her obligation, and that her husband was not in the city," and despite her effort "to persuade said officer and the agent of the defendant's lawyer to take the matter up with her husband about the payment of the debt," Aycock and Poole "threatened to levy on all of the furniture in said house, which, petitioner had explained to said gentlemen, belonged to her and was not the property of her husband, . . and proceeded to make a list of said furniture, accompanied with the statement that they would have to levy on said furniture and move it out of said house;" and that, in order to avoid "embarrassment and humiliation in connection with a levy on her personal property," she paid to the defendant, through its attorney, the sum demanded. Other facts, that are not deemed material, and several conclusions of law that are deemed objectionable are also alleged in the petition. Incidentally it may be noted that the petition shows that the sum of $86.57, paid by the petitioner, was subsequently recovered from the defendant corporation in an action brought by her in the municipal court of Atlanta. The defendant demurred generally and specially and moved to dismiss the petition. The court overruled the motion to dismiss, and the defendant excepted.

The only question to be determined by this court, of course, is whether the petition states a cause of action. Upon that inquiry this court has the benefit of an exhaustive brief for the plaintiff in error, but none on behalf of defendant in error, except a terse memorandum prepared under an evident misapprehension of the contents of the bill of exceptions. From certain allegations in the petition, however, it is ascertained that the burden of the complaint in the court below is that the defendant, by its agents, made an unlawful entry upon the plaintiff's premises and committed a trespass upon her property under pretense of making a valid levy of an execution, but in fact with the intent and purpose to "extort by duress" from the petitioner the amount of the execution in its hands; and it also appears that these agents accomplished their sinister purpose. According to our interpretation of the facts alleged, however, the petitioner's theory of her case is without sufficient support. It does not appear, with any degree of certainty at least, that an unlawful entry was made or a trespass committed. In other words, the petitioner's conclusions of law are not warranted by the facts set out in her pleading. It seems unnecessary to devote time and space to an extended analysis of the allegations of the petition. It must suffice to say that, so far as the alleged facts show, it does not appear that any legal right of the petitioner was invaded or violated by any of the acts complained of, or by the manner in which any of these acts were performed or committed, in consequence of which the petitioner should be permitted a recovery of damages. So far as we can see, nothing was done that was clearly wrong per se. Granting, for the sake of argument, that a recovery of damages might be otherwise authorized in such a case, it certainly does not seem to us that any reasonable person could have contemplated that anything that the defendant's agents did in connection with the episode described in the petition would have ordinarily caused any normal person to be "extremely frightened" and to suffer "materially by reason thereof." Our conclusion is that the petitioner does not show a state of facts that entitles her to a recovery of damages, either actual or punitive, and that no cause of action is stated therein.

It follows that the refusal to sustain the general demurrer was error.

*Judgment reversed. Broyles, C. J., and Bloodworth, J., concur.*